[Civ. No. 926.  Second Appellate District.—November 13, 1911.]

# UNION LUMBER COMPANY, a Corporation, Respondent, v. SUNSET ROAD OIL COMPANY, a Corporation, Appellant.

APPEAL FROM JUDGMENT—TIME OF TAKING—REVIEW.—An appeal from the judgment taken within six months, and more than sixty days from the time of its entry, was taken in time; but, although the sufficiency of the evidence to sustain the decision cannot be reviewed thereon, such appeal is effectual to secure to the appellant a review of any alleged error of law occurring at the trial.

ID.—VALIDITY OF APPEAL FROM ORDER DENYING NEW TRIAL—NOTICE MORE THAN SIXTY DAYS AFTER ENTRY.—Though an appeal taken more than sixty days after the entry of the order would be too late, under the provisions of section 939 of the Code of Civil Procedure, yet when measured under the provisions of section 941b thereof, such appeal is valid and in time when the record shows no notice to the appellant of the entry of such order.

ID.—CONSTRUCTION OF CODE AS TO APPEALS—NEW METHOD APPLICABLE TO APPEALS UNDER OLD METHOD.—The provisions of section 941b, dealing with the new or alternative method of appeal, are also applicable to an appeal assumed to be taken under the older method; and in order that the time within which an appeal from a judgment or order shall be made to commence to run, the appellant must be given notice of the entry of the judgment or order.

ID.—ABSENCE OF EVIDENCE OF NOTICE IN RECORD—BURDEN UPON RESPONDENT TO SHOW SERVICE.—In the absence of any evidence of notice to appellant furnished by the record, the burden is upon the respondent to show that a notice of the entry of the judgment or order has been given, and the time thereof. Where, in this case, there appears nothing in the record from which it can be determined whether any notice was ever given of the order of the court

denying appellant's motion for a new trial, the appeal therefrom must be treated as having been regularly taken, and in time.

ID.—ACTION FOR LUMBER SOLD AND DELIVERED—CURRENT MARKET PRICE —SUPPORT OF FINDINGS—REASONABLE VALUE AND BALANCE DUE— REFUSAL OF NONSUIT.—In this action for lumber sold and delivered, where the evidence shows that the custom of dealing between the parties was the usual and ordinary custom between a vendor of merchandise and his vendee, and that the understanding was that the lumber sold was to be charged for from time to time at the current market price, which would be the reasonable value thereof, it is held that findings as to the reasonable value of all the lumber sold, the credits allowed, and the balance due, are amply supported by the evidence, and that the court properly refused to grant a motion of defendant to nonsuit the plaintiff.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, for Appellant.

W. W. Kaye, and Alfred Siemon, for Respondent.

JAMES, J.—Appeal is taken from a judgment entered against defendant and from an order denying a new trial. It is suggested in the brief of respondent that both appeals should be dismissed, that from the judgment because the notice of appeal was served and filed more than sixty days after the entry of the judgment, and that from the order denying the motion for a new trial because the notice of appeal was filed more than sixty days after such order was entered. The appeal from the judgment was taken within six months after the judgment was entered, and this appeal, therefore, was in time, except that in a consideration thereof the question as to the sufficiency of the evidence to sustain the decision cannot be inquired into. Subdivision 1 of section 939, Code of Civil Procedure, provides that where the sufficiency of the evidence to sustain the decision is the matter to which inquiry is pointed, the appeal must be taken within sixty days after the entry of the judgment. However, the appeal from the judgment is effectual for the purpose of securing to appellant a review of any alleged errors of law occurring at the trial. In subdi-

vision 3 of section 939, Code of Civil Procedure, it is provided that an appeal from an order denying a motion for a new trial, in order to be regular, must be taken within sixty days after the order is made and entered in the minutes of the court, or filed with the clerk. It appears without question that the notice of appeal from the order was in this case served and filed more than sixty days after the order was entered, and if the provisions of section 939, above referred to, were the only ones to be considered in determining the sufficiency of this appeal, then it should be held that this appeal was taken too late. But our supreme court in the case of *Foss v. Johnstone, Jr.*, 158 Cal. 119, [110 Pac. 294], has held that the provisions of section 941b, dealing with the alternative method of appeal, are also applicable to an appeal assumed to be taken under the older method, and that in order that the time within which an appeal must be taken shall commence to run, appellant must be given notice of the entry of the judgment or order. In that case it is further held that the burden is upon the respondent, in the absence of any evidence of the fact furnished by the record, to show that a notice of entry of the judgment or order has been given, and the time thereof. In this case there is nothing in the record from which we can determine whether any notice was ever given of the order of the court denying the appellant's motion for a new trial. For that reason, the appeal must be treated as having been regularly taken, and in time.

Appellant's counsel in his brief argues only questions touching the sufficiency of the evidence to sustain certain of the findings made by the trial court, and, as an error of law, assigns the ruling of the trial judge denying defendant's motion for judgment of nonsuit, which was made at the conclusion of the introduction of testimony on behalf of plaintiff. In the second cause of action set out in plaintiff's complaint, as to which only appellant urges the objections we have referred to, it is alleged that the defendant on a day certain was indebted to plaintiff in the sum of $1,945.98 as a balance of an account for lumber sold and delivered by the plaintiff to defendant. In its answer defendant alleged that lumber was purchased by it from plaintiff for which it agreed to pay the reasonable value, and then, by express allegation, admitted an indebtedness on that account in the sum of $1,587.40. The

trial court by its findings determined that lumber had been sold and delivered to defendant of the reasonable value of $2,358.58, and that defendant was entitled to a credit in the sum of $496.49, leaving a balance, found to be due at the time of the commencement of the action, of the sum of $1,862.09, for which amount judgment was given.    The contention of appellant that there was no evidence warranting the court in finding that the reasonable value of the lumber sold was the sum of $2,358.58, cannot be sustained.    From the evidence set out in the bill of exceptions, it appears that the custom of dealing between plaintiff and defendant was that which is usual and ordinary between a vendor of merchandise and his vendee; that from time to time lumber was ordered by defendant from plaintiff and statements were thereupon rendered by the plaintiff to defendant showing the prices at which the lumber was charged.    If not appearing by express statement to that effect, it does appear by every reasonable inference to be drawn from all of the testimony, that the understanding between plaintiff and defendant was that the merchandise furnished was to be charged for at the current market price, which, in other words, would be the reasonable value thereof, and that the account against defendant was made up upon that basis.    There was ample evidence showing that the defendant, by written invoices and statements of account made up from the books of the lumber company, was furnished with the information as to what the indebtedness claimed to be owing by it to the plaintiff was at all times, and that, so far as the value of the lumber may be concerned, no question was raised as to its price.    We feel well satisfied that the findings as made by the trial judge are amply sustained by the evidence.    What has been said upon the question of the objections urged to the sufficiency of the evidence to sustain the findings applies equally in answer to the contention of appellant that the court erred in denying its motion for a judgment of nonsuit.    Appellant complains that the motion should have been granted for the same reason that it questions the sufficiency of the findings in the particulars above referred to.

The appeals taken in this case appear to be without merit, and the judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.